IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| Super Mercado Jalisco, Inc., Super | ) | |
| Mercado Jalisco II, Super Mercado | ) | |
| Jalisco #3, Inc., Super Mercado | ) | |
| Jalisco #4, Inc., Super Mercado | ) | |
| Jalisco #6, Inc., and Super Mercado | ) | Case No. |
| Jalisco #7, Inc. | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Syed Investment Group, Inc., d/b/a | ) | |
| Jalisco Supermercado, | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFIED COMPLAINT

Plaintiffs Super Mercado Jalisco, Inc., Super Mercado Jalisco II, Super Mercado Jaslisco #3, Inc., Super Mercado Jalisco #4, Inc., Super Mercado Jalisco #6, Inc., and Super Mercado Jalisco #7, Inc., (hereinafter collectively, "Super Mercado Jalisco") hereby file this, their Verified Complaint, respectfully showing this Court as follows:

1

## NATURE OF ACTION

1.     This is a civil action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051—1141 and/or Georgia statutory and common law.  Plaintiffs seek equitable and monetary relief as a result of Defendant's willful and knowing violations of Plaintiffs' trademark rights, which Plaintiffs have extensively used and promoted in Georgia.  Defendant, a would-be competitor, has unlawfully and with actual knowledge made use and intends to make use of marks substantially identical to Plaintiffs' protected marks and, through its actions, has infringed Plaintiffs' trademark rights and has engaged in unfair competition.

## PARTIES

2.     Plaintiff Super Mercado Jalisco, Inc. is a Georgia corporation with a principal place of business at 2175 Beaver Run Road, Suite 100, Norcross, Georgia.

3.     Plaintiff Super Mercado Jalisco II is a Georgia corporation with a principal place of business at 134 South Clayton Street, Lawrenceville, Georgia.

4.     Plaintiff Super Mercado Jalisco #3, Inc., is a Georgia corporation with a principal place of business at 1957 South Cobb Drive, Suite 100-A, Marietta, Georgia.

5.      Plaintiff Super Mercado Jalisco #4, Inc., is a Georgia corporation with a principal place of business at 6200 Buford Highway, Suite 2G 2J, Norcross, Georgia.

6.      Plaintiff Super Mercado Jalisco #6, Inc., is a Georgia corporation with a principal place of business at 10390 Alpharetta Street, Roswell, Georgia.

7.      Plaintiff Super Mercado Jalisco #7, Inc., is a Georgia corporation with a principal place of business at 3355 Steve Reynolds Boulevard, Suite 101, Duluth, Georgia.

8.      Defendant Syed Investment Group, Inc., d/b/a Jalisco Super Market, is a Georgia corporation with a principal place of business at 3175 Buford Highway, Duluth, Georgia.

## <u>JURISDICTION</u>

9.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).  This Court likewise has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because they are substantially related to their federal claims and arise out of the same case or controversy.

10.     This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in Georgia.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district.

## SUPER MERCADO JALISCO'S BUSINESS, SERVICES, AND PROTECTED MARKS

12.     Super Mercado Jalisco owns and operates specialty grocery stores in and around the Atlanta, Georgia, area.

13.     Super Mercado Jalisco is the registered trademark owner of the name "SUPER MERCADO JALISCO" (the "Mark").   A true and correct copy of a document from the United States Patent and Trademark Office ("USPTO") evidencing the registration and ownership of the Mark is attached hereto as Exhibit A.  The registration evidenced by Exhibit A is valid, subsisting, unrevoked, un-cancelled, and incontestable.  Plaintiff also owns common law rights in the Mark.

14.     Super Mercado Jalisco has been using the Mark since at least as early as 1993.

15.     The Mark is protected by U.S. Trademark Registration Number 3679463.

16.     Super Mercado Jalisco promotes their services, in part, by using the Mark extensively through various types of media, including digital and print media.  Super Mercado Jalisco likewise promotes and markets its services through popular and highly trafficked social-networking websites.

4

17.    As a result of Plaintiffs' business practices and marketing efforts, the Mark now connotes the provision of specialty groceries and quality, specialized service regarding these goods.

18.    Plaintiff has expended considerable money, time, and resources in promoting its Mark and in developing the goodwill associated with the Mark.

19.    As a result of these efforts, and through their use in commerce, the Mark has become well-known and has acquired strong consumer recognition signifying Super Mercado Jalisco's provision of specialty groceries and goods.

## DEFENDANT AND ITS INFRINGING ACTIVITIES

20.    Defendant Syed Investment Group, Inc., d/b/a Jalisco Super Market (the "Defendant"), intends to and, upon information and belief, has begun, doing business using a name that adopts Plaintiffs' Mark almost exactly.

21.    At a location already opened or, upon information and belief, soon to be opened, Defendant has affixed signage to its building referencing a name that infringes upon Plaintiffs' federally registered and common law Mark:

| 3907 Burns Road Suite 506 Lilburn, GA 30047 |  |

22.    Defendant's location is less than five miles from an existing Super Mercado Jalisco location.

23.    Thus, Defendant has benefitted from, continues to benefit from, and intends to benefit from the goodwill and name recognition associated with Super Mercado Jalisco's Mark.

## INJURY TO PLAINTIFF AND PUBLIC

24.    Upon first learning of Defendant's unauthorized use and infringement of the Mark, Super Mercado Jalisco sent Defendant a cease and desist letter dated December 17, 2014, a true and corporate copy of which is attached hereto as Exhibit B.

25.    Defendant subsequently responded via letter correspondence dated January 7, 2015, denying the alleged infringement and threatening to pursue sanctions should Super Mercado Jalisco attempt to enforce its Mark.  A true and correct copy of Defendant's January 7, 2015, letter is attached hereto as Exhibit C.

26.     Defendant has, therefore, continued, subsequent to the receipt of the letter from Plaintiff, to willfully and knowingly infringe upon the Mark, despite being made aware of Plaintiffs' ownership of the Mark.

27.     Defendant's unauthorized use of the Mark is likely to cause confusion, mistake, and deception as to the source or origin of Defendant and its services, and is likely to falsely suggest a sponsorship, connection, or association of Defendant, its services, and/or commercial activities with Plaintiffs.

28.     Defendant's unauthorized use of the Mark has damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure Plaintiffs and their Mark.

29.     Defendants unauthorized use of the Mark has irreparably injured and, if permitted to persist, will continue to irreparably injure the public, who has an interest in being free from confusion.

## FIRST CAUSE OF ACTION
(Trademark Infringement – 15 U.S.C. § 1114(1))

30.     Plaintiffs hereby incorporate by reference the previous allegations as if fully set forth herein verbatim.

31.     Without Plaintiffs' consent, Defendant has used and continues to use in commerce reproductions, copies, and colorable imitations of Plaintiffs' registered and common law Mark in connection with the offering, and/or

advertising of goods and services, which is likely to cause confusing, or to cause mistake, or to deceive, in violation of the Lanham Act, 15 U.S.C. § 1114(1).

32.     As a direct and proximate result, Plaintiffs' have suffered damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
(Trademark Infringement – 15 U.S.C. § 1125(a)(1)(A))

33.     Plaintiffs hereby incorporate by reference the previous allegations as if fully set forth herein verbatim.

34.     Defendant's actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant, its services, and/or its commercial activities by or with Plaintiffs, and thus constitute trademark infringement, false designation of origin, passing off, and unfair competition in violation of the Lanham Act, 1 5 U.S.C. § 1125(a)(1)(A).

35.     As a direct and proximate result, Plaintiffs have suffered damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
(Trademark Infringement – O.C.G.A. § 10-1-450 et seq.)

36.     Plaintiffs hereby incorporate by reference the previous allegations as if fully set forth herein verbatim.

37.     Defendant's actions, as described above, and without Plaintiffs' consent, have caused and are likely to cause confusion, mistake or deception as to the source or origin of Defendant's services.

38.     Defendant has further reproduced, counterfeited, copied, or colorably imitated Plaintiffs' Mark and applied such reproductions, counterfeits, copies, or colorable imitations to labels, signs, prints, packages, and/or advertisements intended to be used upon or in connection the provision of services in Georgia.

39.     As a direct and proximate result, Plaintiffs have suffered damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
(Injunctive Relief)

40.     Plaintiffs hereby incorporate by reference the previous allegations as if fully set forth herein verbatim.

41.     As set forth herein, Defendant's actions have caused, and will continue to cause, Plaintiffs to suffer irreparable harm.

42.     Plaintiffs have demonstrated a substantial likelihood of success on the merits.

43.     The harm resulting to the Plaintiffs from denial of the injunction substantially outweighs the harm to defendant from granting the injunction.

44.     Plaintiffs, therefore, are entitled to the grant of both preliminary and permanent injunctive relief, restraining Defendant from continuing its infringing activities as outlined herein above.

## FIFTH CAUSE OF ACTION
(Common Law Infringement)

45.     Plaintiffs hereby incorporate by reference the previous allegations as if fully set forth herein verbatim.

46.     Defendant's actions, as described above, and without Plaintiffs' consent, have caused and are likely to cause confusion, mistake or deception as to the source or origin of Defendant's services.

47.     Defendant has further reproduced, counterfeited, copied, or colorably imitated Plaintiffs' Mark and applied such reproductions, counterfeits, copies, or colorable imitations to labels, signs, prints, packages, and/or advertisements intended to be used upon or in connection the provision of services in Georgia.

48.     As a direct and proximate result, Plaintiffs have suffered damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
(Unfair Competition – O.C.G.A. § 23-2-55)

49.     Plaintiffs hereby incorporate by reference the previous allegations as if fully set forth herein verbatim.

10

50.     Defendant has engaged in an attempt to encroach upon the business of Plaintiff through the use of similar trademarks, names and devices, with the intention of deceiving and misleading the public.

51.     As a result of Defendant's actions, Plaintiffs are entitled to injunctive relief and compensatory damages in an amount to be proven at trial.

### SEVENTH CAUSE OF ACTION
(Uniform Deceptive Trade Practices Act – O.C.G.A. § 10-1-370 et seq.)

52.     Plaintiffs hereby incorporate by reference the previous allegations as if fully set forth herein verbatim.

53.     Defendant has, in the course of its business, passed and continues to pass of its goods or services as those of Plaintiff.

54.     Defendant has, in the course of its business, caused the likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

55.     Defendant has, in the course of its business, caused a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another.

56.     Defendant has, in the course of its business, represented that goods or services it sells or provides have the sponsorship, approval, characteristics,

ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that it does not have.

57.   As a direct and proximate result, Plaintiff has been damaged and will continue to be damages in the future by Defendant's actions

58.   As a direct and proximate result, Plaintiffs are entitled to injunctive relief, costs, and attorney's fees.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor on each and every claim for relief set forth above and award them relief including, but not limited to, the following:

a) Preliminary and permanent injunction relief enjoining Defendant from:

    a. Using, registering, or seeking to register its marks, such as Jalisco Supermercado, that are confusingly similar to or dilutive of Plaintiffs' Mark outlined above in manners likely to cause confusion or dilution with Plaintiffs' Mark, including, but not limited to, in connection with any other wording, signage, or advertising; and

    b. From representing by any means whatsoever, directly or indirection, that Defendant, any services offered by Defendant, or any activities undertaken by Defendant, are associated or

connected, in any way, with Plaintiffs or sponsored by or affiliated with Plaintiffs in any way.

b) An Order declaring that Defendant's use of its mark infringes upon Plaintiffs' Mark, and constitutes unfair competition under federal and/or state law, as detailed above; and

c) An Order directing Defendant to destroy all products, signage, advertisements, promotional materials, stationary, forms, and/or any other materials and things that contain or bear the confusingly similar marks to Plaintiffs' Mark in accordance with 15 U.S.C. § 1118; and

d) An Order awarding Plaintiffs compensatory damages, rearing disgorgement of Plaintiffs' profits, an award of treble damages, and an award of costs and attorney's fees associated with the filing of this action pursuant to 15 U.S.C. §§ 1116 and 1117;

e) An Order awarding Plaintiffs Ten Thousand Dollars ($10,000.00) in liquidated damages pursuant to O.C.G.A. § 10-1-450.

Respectfully submitted this 29th day of June, 2015.

**ANDERSEN, TATE & CARR, P.C.**


/s/ Robert D. Thomas
Thomas T. Tate
Ga. Bar No.  698879
ttate@atclawfirm.com
Robert D. Thomas
Ga. Bar No.  278646
rthomas@atclawfirm.com
1960 Satellite Boulevard
Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone

14

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| Super Mercado Jalisco, Inc., Super | ) | |
| Mercado Jalisco II, Super Mercado | ) | |
| Jalisco #3, Inc., Super Mercado | ) | |
| Jalisco #4, Inc., Super Mercado | ) | |
| Jalisco #6, Inc., Super Mercado | ) | No. |
| Jalisco #7, Inc., and Super Mercado | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Syed Investment Group, Inc., d/b/a | ) | |
| Jalisco Supermercado, | ) | |
| | ) | |
| Defendant. | ) | |

## **VERIFICATION**

Personally appeared before the undersigned attesting officer authorized to administer oaths, Rocio Covarrubias, who, being duly sworn, deposes and says on oath that she is Plaintiffs' agent and representative, that she is duly authorized to sign this Verification on Plaintiffs' behalf, and that the facts contained in the foregoing Verified Complaint are true and correct.

_____
Rocio Covarrubias

Sworn to and subscribed before me
this _____19th_____ day of May, 2015


_Pamela R. Morrow_____

Notary Public Verification for Complaint - Super Mercado-2